UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MELISSA JEAN CRAWLEY,

    Petitioner,

v.

KEVIN BURKE, Probation Officer,
RENEE PATTERSON, Supervisor, and
WINONA COUNTY DEPT. OF
CORRECTIONS,

    Respondents.

Civil No. 11-2414 (RHK/JSM)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I.     BACKGROUND**

In 2008, criminal charges were brought against Petitioner in the state district court for Winona County, Minnesota. She was charged with (a) falsely reporting a crime, in violation of Minn.Stat. § 609.505, subd. 1, and (b) falsely reporting police misconduct, in violation of Minn.Stat. § 609.505, subd. 2. A jury found Petitioner guilty on both counts.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

The trial court judge then dismissed the charge of falsely reporting a crime, as a lesser-included offense, and sentenced Petitioner to 195 days in jail on the second count. Most of the jail sentence–180 days--was stayed for two years, and it appears that Petitioner was placed on probation. Petitioner apparently will be excused from serving the stayed portion of her jail sentence if she complies with the conditions of her probation during the two-year stay.

After Petitioner was convicted and sentenced, she filed a direct appeal challenging her conviction for falsely reporting police misconduct. Petitioner contended that the statute under which she was convicted, Minn.Stat. § 609.505, subd. 2., violates the First Amendment, by criminalizing speech based on the viewpoint of the speaker. The Minnesota Court of Appeals agreed with Petitioner's First Amendment arguments, and reversed her conviction and sentence under § 609.505, subd. 2. State v. Crawley, 789 N.W.2d 899 (Minn.App. 2010). The Court of Appeals ordered that the case be "remand[ed] for the district court to address the lesser-included offense and resentence." Id. at 910.

But the case has not yet returned to the district court, because the State asked the Minnesota Supreme Court to review the Court of Appeals' decision in Petitioner's case, and that request was granted. As of now, Petitioner's state criminal case is still pending before the Minnesota Supreme Court. According to a website maintained by the Minnesota state appellate courts, (http://macsnc.courts.state.mn.us), Petitioner's case has been fully-briefed in the Minnesota Supreme Court, and oral arguments were heard on May 5, 2011. Presumably, a decision in the matter will be handed down sometime in the future.

Petitioner filed her current federal habeas corpus petition on August 23, 2011. Her petition challenges the same state court criminal conviction that was reversed by the Minnesota Court of Appeals. The petition lists a single ground for relief, which, repeated verbatim and in its entirety, is as follows: "Statute is facially invalid under First Amendment of U.S. Constitution." (Petition, [Docket No. 1], p. 6, § 12.) Petitioner has presented no other factual or legal grounds in support of her application for a writ of habeas corpus.

For the reasons discussed below, the Court finds that Petitioner's current habeas corpus petition cannot be entertained, and this action must be summarily dismissed for lack of subject matter jurisdiction.

## II.   DISCUSSION

 "Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).

A federal court lacks subject matter jurisdiction in an action that fails to present a justiciable case or controversy. 281 Care Committee v. Arneson, 638 F.3d 621, 626 (8th Cir. 2011) ("[t]hose who invoke federal subject-matter jurisdiction must 'demonstrate an actual, ongoing case or controversy within the meaning of Article III of the Constitution'") (quoting Republican Party of Minn. v. Klobuchar, 381 F.3d 785, 789-90 (8thCir. 2004)). See also Potter v. Norwest Mortgage, Inc., 329 F.3d 608, 611 (8th Cir. 2003) ("Article III of the Constitution only allows federal courts to adjudicate actual, ongoing cases or controversies"); Roubideaux v. North Dakota Dept. of Corrections and Rehabilitation,

570 F.3d 966, 972 (8th Cir. 2009) ("Article III of the United States Constitution limits federal court jurisdiction to justiciable cases and controversies") (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992)).

"Justiciability concerns not only the standing of litigants to assert particular claims, but also the appropriate timing of judicial intervention." Renne v. Geary, 501 U.S. 312, 320 (1991). If a litigant's claim has already been effectively resolved, and the court can no longer provide any meaningful relief, the claim has become moot, and the case no longer presents a justiciable case or controversy. Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). Similarly, if a litigant has not suffered any actual injury, and cannot show that any injury is "certainly impending," then the litigant does not yet have a ripe claim, and the case does not present a justiciable case or controversy. Public Water Supply Dist. No. 8 of Clay County, Mo. v. City of Kearney, Mo., 401 F.3d 930, 932 (8th Cir. 2005) (although a claimant need not wait until an injury actually has been suffered, "[b]efore a claim is ripe for adjudication... the plaintiff must face an injury that is 'certainly impending'") (quoting Pennsylvania v. West Virginia, 262 U.S. 553, 593 (1923).

The Eighth Circuit Court of Appeals "has repeatedly stated that a case is not ripe if the plaintiff makes no showing that the [purported] injury is direct, immediate, or certain to occur." Public Water Supply Dist. No. 10 of Cass County, Mo. v. City of Peculiar, Mo., 345 F.3d 570, 573 (8th Cir. 2003) (emphasis added). "To be ripe for decision, the harm asserted must have matured enough to warrant judicial intervention.... The plaintiffs need not wait until the threatened injury occurs, but the injury must be 'certainly impending.'" Paraquad, Inc. v. St. Louis Housing Authority, 259 F.3d 956, 958-59 (8th Cir. 2001) (citations omitted).

Here, the Court finds that Petitioner's habeas corpus petition does not present any justiciable case or controversy. Although Petitioner has not offered a clear and comprehensive explanation of the single claim for relief raised in her petition, it is readily apparent that she is asking the federal court to uphold the same First Amendment claim that has already been upheld by the Minnesota Court of Appeals in her direct appeal. Petitioner is asking the Federal District Court to validate her First Amendment rights and invalidate her state criminal conviction, but that has already been done by the Minnesota Court of Appeals. As of now, there is nothing more the Federal Court can do for Petitioner.

The Court further notes that federal habeas corpus relief cannot be granted unless the petitioner shows that the state courts have reached a decision that was either (a) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (b) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254 (d). Petitioner has not alleged that the presently controlling decision of the Minnesota state courts, (i.e., the decision of the Minnesota Court of Appeals on Petitioner's direct appeal), was contrary to established federal law as determined by the Supreme Court, or that it was based on an unreasonable determination of the facts. To the contrary, it clearly appears that, as of now, the state courts have resolved Petitioner's challenges to her conviction in accordance with her wishes and expectations.

Perhaps, Petitioner fears that the Minnesota Supreme Court will reverse the Court of Appeals' decision on her direct appeal, and reinstate her conviction for falsely reporting police misconduct. But that has not yet happened. Moreover, Petitioner has offered no reason to believe that the reinstatement of her conviction is "certainly impending." Indeed,

Petitioner obviously believes that her challenge to her previous conviction was properly sustained by the Minnesota Court of Appeals, and she presumably expects that the Minnesota Supreme Court will correctly interpret and apply the apposite First Amendment principles, uphold the Court of Appeals' prior ruling, and <u>not</u> reinstate her conviction.

The Court recognizes that the Minnesota Court of Appeals' decision in Petitioner's direct appeal orders that the case be remanded to the trial court "to address the lesser-included offense and resentence." <u>Crawley</u>, 789 N.W.2d at 910.  However, that directive apparently has not yet been implemented. Thus, as of now, Petitioner apparently has not been "re-convicted" of any lesser-included offense, or re-sentenced, and there is no new post-appeal conviction or sentence that is presently reviewable.[2]

The Court also recognizes that Petitioner's judgment of conviction might not have been formally vacated as yet, because her case is still pending in the Minnesota Supreme Court.  But again, Petitioner's challenges to that judgment have been vindicated in the state court system.  She might fear that the Minnesota Supreme Court might someday cause her conviction to become effective once again, but such speculation cannot establish a justiciable case or controversy now.  <u>See</u> <u>281 Care Committee</u>, 638 F.3d at 631 ("'[a] claim is not ripe if the alleged injury 'rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all'") (quoting <u>KCCP Trust v. City of North Kansas City</u>, 432 F.3d 897, 899 (8th Cir. 2005)).

Petitioner may have felt compelled to file her current habeas corpus petition now,

---

[2] Even if some new conviction and sentence has resulted from the Court of Appeals' remand order, that new judgment would not be subject to federal habeas corpus review at this time, because Petitioner has not yet exhausted her state court remedies with respect to any such new judgment.  <u>See</u> 28 U.S.C. § 2254(b).

before the Minnesota Supreme Court has had an opportunity to render a decision in her state criminal case, because she is concerned that she will no longer be in custody when that decision is handed down. That concern is somewhat understandable, because a federal court cannot adjudicate a federal habeas corpus petition unless the petitioner was "in custody" when the petition was filed. 28 U.S.C. § 2254(a); <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989) (<u>per curiam</u>) (federal law requires that a "habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed"). However, Petitioner's speculative concerns about the "in custody" requirement cannot trump the Constitution's justiciable case or controversy requirement.

Section 2254 does not guarantee that every state court criminal conviction is subject to federal habeas review. If a convicted state court criminal defendant is no longer in custody when she applies for federal habeas review of her conviction, then her conviction is not reviewable in a federal district court. See <u>Charlton v. Morris</u>, 53 F.3d 929, 929 (8th Cir.) (<u>per curiam</u>) ("District Court was without jurisdiction to address the merits of... section 2254 petition because [the petitioner]... was no longer 'in custody' for his state conviction"), <u>cert</u>. <u>denied</u>, 516 U.S. 926 (1995).[3] Thus, if Petitioner's conviction is reinstated by the Minnesota Supreme Court, and if Petitioner is no longer "in custody" when that occurs, her conviction might not be reviewable in a federal habeas corpus action. That might seem wrong to Petitioner, but again, Congress has not made habeas corpus review available for everyone who has ever suffered a criminal conviction in state court. Thus, for example, a state court conviction that results in only a fine, and not any form of

---

[3] The conviction might, however, still be reviewable in the United States Supreme Court, by seeking certiorari review of the final state court ruling on the conviction.

confinement, is not reviewable in a federal habeas proceeding.  <u>Russell v. City of Pierre, S.D.</u>, 530 F.2d 791 (8th Cir.), <u>cert</u>. <u>denied</u>, 429 U.S. 855 (1976). Similarly, it would seem, if a convicted state criminal defendant is no longer "in custody" when she first satisfies all of the other prerequisites for seeking federal habeas relief, (including the exhaustion of state remedies requirement), her conviction may never be reviewable in a federal habeas proceeding.

In sum, there is no present need to analyze and decide whether Petitioner might, or might not, be able to satisfy the "in custody" requirement in some hypothetical new habeas corpus petition that she might attempt to file in the future.  The Court is merely stating that the existence of a justiciable case or controversy in this case, at this time, cannot be predicated on Petitioner's possible inability to satisfy the "in custody" requirement in the future.

Finally, the Court considered whether it might be possible to stay the present action until after the Minnesota Supreme Court has rendered a final decision in Petitioner's state criminal case.  However, the Court finds no means to grant such a stay.  When a federal court determines that it lacks subject matter jurisdiction in a case, the only proper course of action is to dismiss the case.  Fed. R. Civ. P. 12(h)(3) ("[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court <u>must</u> dismiss the action") (emphasis added).  A federal court could not conclude that it lacks subject matter jurisdiction in a case, and then proceed to enter a stay order in the case, just to see whether there <u>might</u> be a change of circumstances that would give rise to jurisdiction sometime in the future.

### III.   CONCLUSION

For the reasons discussed above, the Court finds that Petitioner's current § 2254 habeas corpus petition does not present a justiciable case or controversy.  As of now, there is no final state court judgment against Petitioner that is subject to federal habeas corpus review.  The state court judgment that was entered against Petitioner in her criminal case has already been reversed by the Minnesota Court of Appeals, and Petitioner has not identified any other additional relief that could be granted to her here.  There is, quite simply, no extant state court adjudication to review and set aside in the present habeas corpus proceeding.

Because the present habeas corpus petition does not present a justiciable case or controversy, this action must be summarily dismissed for lack of subject matter jurisdiction. However, the case must be dismissed without prejudice.  <u>Missouri Soybean Ass'n v. U.S. E.P.A.</u>, 289 F.3d 509, 513 (8th Cir. 2002) ("[d]ismissal for lack of jurisdiction is not an adjudication of the merits, thus the case must be dismissed without prejudice").  Therefore, the dismissal of this action, by itself, will not preclude Petitioner from filing a future habeas corpus petition that does present a justiciable case or controversy.

### IV.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED FOR LACK OF SUBJECT MATTER JURISDICTION**; and

    2.  This action be summarily **DISMISSED WITHOUT PREJUDICE**.

Dated:      September 8, 2011

                                  *s/ Janie S. Mayeron*
                                  JANIE S. MAYERON
                                  United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 22, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.